**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM PATRICK GARCIA, | No.  2:22-CV-2159-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| F. MOHMAND, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are the following motions related to discovery and scheduling: (1) Plaintiff's motion for modification of the schedule and to compel Defendants to provide further responses to written discovery, see ECF No. 36; (2) Defendants motion to compel Plaintiff to provide initial responses to written discovery, see ECF No. 38; and (3) Defendants' motion for an extension of time to file dispositive motions, see ECF No. 42.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I.  BACKGROUND

On March 18, 2025, the Court issued a discovery and scheduling order for this case.  See ECF No. 35.  That order provided that the parties may conduct discovery through November 20, 2025, with discovery requests served no later than 60 days prior to this date and motions to compel discovery filed by this date.  See id.  The Court further ordered that dispositive motions are due within 120 days of the November 20, 2025, discovery cut-off date.  See id.

The pending motions reflect that: (1) Defendants served discovery requests on Plaintiff on September 19, 2025, to which Plaintiff has not responded, see ECF No. 38 (Defendants' motion to compel); and (2) Plaintiff served discovery requests on Defendants on July 31, 2025, to which Defendants responded on October 7, 2025, see ECF No. 37 (Defendants' opposition to Plaintiff's motion for modification of the schedule and to compel further responses). The Court is unaware of any other discovery having been served in this case and no other discovery is present at issue.

## II.  DISCUSSION

### A.      Motions to Compel Discovery

Before the Court are the parties' motions to compel responses to discovery.  See ECF Nos. 36 and 38.  In his motion, Plaintiff seeks an order compelling Defendants to provide further responses to written discovery, presumably discovery requests served on July 31, 2025, to which Defendants responded on October 7, 2025.  See ECF No. 36.  In their motion, Defendants seek an order compelling Plaintiff to provide responses to their unanswered discovery requests served on September 19, 2025.  See ECF No. 38.

#### 1.      Plaintiff's Motion

Plaintiff seeks an order compelling Defendants to provide further responses to written discovery requests served on Defendants.  See ECF No. 36.  Under Federal Rule of Civil Procedure 37, the party moving to compel bears the burden of informing the Court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are

disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  Here, Plaintiff has not made the showing required under Rule 37.  Specifically, Plaintiff does not inform the Court which discovery requests are at issue, which responses are insufficient, or why responses are insufficient.  Plaintiff's motion will, therefore, be denied.

2.    Defendants' Motion

In their motion to compel, Defendants state that Plaintiff has failed to provide any responses to 12 separate discovery requests – separate interrogatories served by each of the six defendants and separate requests for admissions served by each of the six defendants.  See ECF No. 38.  In his opposition, Plaintiff concedes that he has not served responses to these discovery requests because, according to Plaintiff, he had to "stop and start" after receiving "400 plus pages of junk" from Defendants in response to his discovery request (presumably the July 2025 discovery served by Plaintiff and responded to by Defendants in October 2025).  See ECF No. 39. Given Plaintiff's failure to respond to Defendants' outstanding discovery requests, Defendants' motion to compel will be granted.  Plaintiff will be ordered to provide responses without objection.  See Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 36(a)(3).  Plaintiff is cautioned that, should he fail to comply with the Court's order to provide discovery responses, the Court will entertain a properly noticed motion for terminating sanctions pursuant to Federal Rule of Civil Procedure 37.

B.    **Motions Related to Scheduling**

The parties have filed motions relating to scheduling.  See ECF Nos. 36 and 42.  In his motion, Plaintiff seeks an additional 90 days within which to serve discovery requests.  See ECF No. 36.  In their motion, Defendants seek additional time within which to file dispositive motions.  See ECF No. 42.

/ / /

      1.  <u>Plaintiff's Motion</u>

    Plaintiff seeks an order extending the time within which to serve discovery requests on Defendants.  <u>See</u> ECF No. 36.  In their opposition, Defendants argue that Plaintiff's request is untimely.  <u>See</u> ECF No 37.  The Court agrees.  Pursuant to the Court's March 18, 2025, discovery and scheduling order, the parties were permitted to serve discovery requests until 60 days prior to the November 20, 2025, discovery cut-off date, or by September 21, 2025.  Plaintiff's motion for an extension of the deadline to serve discovery requests was filed on October 30, 2025 – over a month past the existing deadline to serve discovery requests.  As such, the Court finds that Plaintiff's request is untimely and lacks a showing of good cause for an extension.  Plaintiff's motion will be denied.

      2.  <u>Defendants' Motion</u>

    Defendants seek an order extending the time to file dispositive motions following the Court's ruling on the other pending motions addressed above.  <u>See</u> ECF No. 42.  Defendants filed their motion on January 16, 2026.  The Court notes that, pursuant to the existing schedule, the motion was timely when filed as dispositive motions were not due until mid-March 2026.  Given that the Court's resolution of the other motions discussed above comes after the deadline for filing dispositive motions, good cause exists to extend the dispositive motion filing deadline.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1.     Plaintiff's motion to compel, ECF No. 36, is denied.

2.     Defendants' motion to compel, ECF No. 38, is granted.

3.     Plaintiff shall serve responses to Defendants' outstanding interrogatories and requests for admissions, without objection, within 30 days of the date of this order.

4.     Plaintiff's motion to extend the time to conduct discovery, ECF No. 36, is denied and discovery remains closed.

5.     Defendants' motion to extend the deadline to file dispositive motions, ECF No. 42, is granted.

6.     Dispositive motions are due within 90 days of the date of this order.

Dated:  April 9, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE